And the court will proceed to the fifth case, the United States v. Ramirez. Mr. Albers. Good morning, your honors. May it please the court, counsel. I'm counsel for defendant Napolon Eddi Ramirez, who was denied his statutory right to a speedy trial solely because of the court's crowded docket below. That was The court below did not apply any discretion in making the determination of how long to continue the case. He did not rely on the complexity of the case to set the date. He did not rely on the number of co-defendants to set the date. And even if he had applied his discretion, that discretion was abused here because there was no basis based on the complexity of the case or the number of co-defendants to continue the case for 178 days. And as for prejudice, prejudice is not considered as to dismissal. It's considered as to whether the dismissal will be with or without prejudice. Eddi Ramirez waited 521 days to go to trial. He waited 178 days from the August 2013 hearing where the court set the trial date. And that's a violation of the Speedy Trial Act by 108 days. The statute itself is clear, and the case law interpreting the statute is clear, that the case cannot be continued past 70 days because of the complexity here is to vacate the conviction, to order dismissal of the conviction below and to ask the district court to determine whether that dismissal is with or without prejudice. This is legal error because the court did not exercise discretion. And in Taylor, the United States Supreme Court said, quote, the Speedy Trial Act confines the exercise of discretion more narrowly mandating dismissal of the indictment upon violation of precise time limits and specifying criteria to consider in deciding whether to bar re-prosecution, unquote. The ends of justice mantra which the district court used was not explained in the August 2013 hearing or in the minute entry. The case law is clear and the statute itself is clear that the ends of justice finding is to be sparingly used and the court is, based on the Zedner decision from the Supreme Court, supposed to explain the basis, the factual basis for that determination at the time of the continuance. The court specifically needs to explain, based on the plain language of the statute, how the complexity of the case and the number of co-defendants justifies the length of the continuance and the court must specifically find, factually, what reasons there were, based on the ends of justice, that outweigh the best interests of both defendant and the public in a speeding trial. Here, if the court reads the transcript from the August 2013 hearing, which is attached to my appendix, it is clear that the reason the court did not schedule the case earlier for trials because he didn't have the time to try the case. He said that repeatedly. He said, due to the court's congestion, he could not schedule it earlier. In fact, he said, I would have scheduled, I could have scheduled the case for October, which would have been within the time limits, but I just gave that trial date away, which indicates that the court was  within the confines of the statutory limit. The court just couldn't do it. That had nothing to do with the complexity of the case, had nothing to do with the number of co-defendants. I'm not saying the case wasn't complex to start with, but by August 2013, the case had been pending for a year and the case had been continued over Eddie Ramirez's objection and over his request for a speedy trial and for a severance for a year. By April, he'd been in a... I'm sorry? The severance was the real issue, and I know at some point earlier, maybe August or something, it was still a complex case and the court was wanting to deal with that and not with a severed trial, which would have happened earlier. I thought I got that impression. There was a request for severance in April. The court set the case, Ramirez's case, for trial in June then. He then denied the request for the severance and kicked the case over. There was another request for severance made in June that was denied in August. Now initially, the court said, I'm going to deny severance because there's too many co-defendants. And then by August, when there was only one co-defendant left, the court said, well, I'm going to deny severance because there's not enough co-defendants. So I got whipsawed on that. But what we do know, Your Honor, is by August, that the fact that there was another co-defendant was not delaying the trial. The government answered ready for trial. Mr. Ramirez was ready for trial. The trial was going to be the same length, whether there was another co-defendant or not. So that couldn't have been the reason. And the complexity of the case had been resolved by that time because all the discovery had been completed and the government had answered ready for trial in April of that year and then again in August. So complexity and the number of co-defendants by August were no longer the reason for the delay. And the Second Circuit has commented on this, that you can't keep saying that the complexity of the trial of the case justifies further continuances because regardless of how long you continue it, by the time you get to trial, it's still going to be complex. So there has to be a rule of reason applied there. The court didn't apply that rule of reason. I'm not blaming this on the court because the court didn't have enough time to do it, but that was not Mr. Ramirez's problem. That's what's dictated by statute. And if the Congress is not giving enough money to have enough judges to try the cases, then the statute also says, here's what the remedy is. The remedy is dismissal, period. Now will the dismissal be with or without prejudice? We don't know. There's not a record on that. That's why I'm asking for a remand on that. Even if the court were going to go on a lesser standard, a higher standard of review, abuse of discretion, which does not apply here because he didn't apply his discretion, there was an abuse of discretion because what the court said in January, six months after he continued the case, which he didn't say back in August and he didn't say in the minute entry as well at the invitation in the brief by the state's attorney, the real reason that I continued it was because of the case and because they were co-defendants. Zedner and the Supreme Court said the better practice is the court should state on the record and in its written findings at the time of the continuance what the basis for the continuance is. The court can do it later, but it has to be clear when it does it later that what it was relying on was what it was thinking at the time of the continuance. There is nothing in this record to support complexity of number of co-defendants was the basis for the 178 days. The continuance was based on the crowded docket. Now the court in Theron, which I cited in my brief, 782 Fed Second, said quote, any extended delay based solely on the complexity of the case and the number of defendants constitutes an abuse of discretion, unquote, and also said this is contradicted by Congress express intent that ends of justice exceptions be used rarely and only in narrow circumstances. And finally as to prejudice, I'm not really sure why this arguments being made now by the U.S. turning on appeal because below the court they said three times, and I said it in my reply brief, three times that the remedy is if there's a violation of the statute the case is dismissed. Nothing about prejudice. So it's directly contradicted by their own statements below, but the Supreme Court. The law of the circuit says if we're in the space of abuse of discretion, Mr. Albers, then we have to look at prejudice. I'm sorry I didn't hear you. The law of the circuit says if we're in the I think the question of whether the government's by their leave asks us to look at it. I mean we can take into account that, but I suppose, but, but it and I know you don't want us to go to abuse of discretion because of the legal error, but if we are looking at abuse of discretion, I think we're required to look at the question of prejudice. Respectfully, your honor, I would disagree with that. You don't think our case law speaks to that? I think your case law, there is cases that have been cited, and I dealt with this in my you look at actual prejudice. But I think that if you look at those cases and what they cite back to, they cite back and cite back to a case that was decided in 1966, U.S. v. Jones, and that was talking about a trial continuance under the court procedures, not the Speedy Trial Act. No, I understand, but our more recent cases speak about the need to look at prejudice if there is an abuse of discretion. I couldn't, there is case law that says that, and those cases all tie back, I think, to the prior case which predated the Speedy Trial Act by nine years. Now, whether we get to abuse of discretion, of course, is a point you would suggest we need not do, because you think there is legal error. Yes, go ahead. I'm sorry. Well, what are we to make of the judge's January, I think it's 14th, comments regarding the legal standard here, I think that in January the court post hoc tried to resurrect his prior ruling by saying, now it's based on these factors, and I don't think that the record reflects that. So I don't think, number one, he could do that. You made this dialogue earlier about I don't have time, or I don't have it. Correct. That should trump the comments he makes. I'm talking about whether he recognizes the law for the purposes of deciding whether we've got legal error or not. Does he recognize in January of 14 what the legal standard is? I think he applied the incorrect legal standard because there was no support, based on complexity of the case or the number of co-defendants, to exercise that discretion. There was just a violation across the board with respect to the amount of time. With respect to prejudice, and then I'll sit down for my rebuttal, the Supreme Court in Zedner said you can't rely on prejudice, you can't rely on a harmless error analysis when there's been a violation with respect to the application of the factors. We ask that you vacate, order dismissal, and remand for determination of whether that's with or without prejudice. Thank you, Mr. Albers. Mr. Baum. Thank you, Your Honor. May it please the court, counsel, Jason Baum on behalf of the United States. There are two things I think the parties agree on. One is that until August of 2013, speedy trial clock had been properly told. And two, the record is far from pristine in terms of what the judge said. And while the judge said inartful things and things that are inconsistent with the Speedy Trial Act, that alone we don't think establishes abuse of discretion when in January of 2014 he says, yes, I said those things, I recognize those are inconsistent, but what I did was I still had a complex case with multiple defendants, and I have to balance the interests of those multiple defendants. And I think that the case was complex, no doubt about the volume of discovery. And we agree that the complexity for the volume of discovery as to Eddie Ramirez was resolved way back in April when both parties say we're ready for trial. The problem is the complexity of the case wasn't resolved with respect to his other defendants, and it wasn't resolved with respect to the number of defendants, which in Wasson, this court said, an ever-changing landscape with regard to the number of parties and the posture before the court adds to the complexity of the case. So we don't think that the judge ultimately abused his discretion. And with respect to the actual prejudice, in their reply briefly ‑‑ Is that important? Not if you find that he didn't abuse his discretion, no, it's not. Well, you mean abuse of discretion is not important if we find out he did abuse. I want to know whether that standard exists at all in this case. And I think that's the question, Your Honor. If you get to actual prejudice, if you find he didn't abuse his discretion, I think that ends the inquiry and there was no Speedy Trial Act violation. If you find that he did abuse his discretion, then the question is, is the actual prejudice, is that consistent with Zedner? Is prejudice required in a Speedy Trial Act motion? It depends, I think, is the answer, Your Honor. That's a good lawyerly answer. In Zedner, when there's legal error, when there's no findings made, the Supreme Court said harmless error isn't appropriate, prejudice doesn't matter. Is it appropriate for a trial judge to deny a motion in a Speedy Trial Act because he's too busy? No. Okay. We got that down cold. But it isn't inappropriate for him to do it because the case is complex and he has multiple defendants, we don't think. We think that balancing the – Is anybody here of severance? And that was the motion that was filed and the judge denied it and that's not appealed. It was denied because I think – It doesn't have to be appealed if the motion for severance was properly filed because I want a trial, get me out of here. Right. The judge didn't find it was because he wanted to – He wanted to try them all together. That's right. He didn't want to have multiple trials. I understand that. That's a nice attitude. But that doesn't help the defendant if he wants a Speedy Trial, does it? It didn't help this defendant. In passing the Speedy Trial Act, Congress recognized that and said this isn't a mechanism to force the trial of one defendant prior to all of the defendants. This isn't a way for that to happen. No, he could do that. He could say, I could sever you, but if I did, I'd have to try this case twice and I'm not going to do that, so I'm not going to sever you. Yes, and then I think we're, again, operating within the discretion of the – That would be appropriate. The government would claim that would be appropriate. If he – I guess I didn't understand. I just want to make sure I understand this. He could sever the case, but then I'd have to try it separately with another case. I don't want to do that. I think if the judge had – if the motion to sever was properly taken and he denied it just because he was too busy – No, no. Not because he was too busy, because he didn't want to try two cases on the same issue. He didn't want to get them all together. Is that all right? I think it could be. I think that that is – What do you think? Yes or no? You had to give a yes or no answer. I think in this case he was – the motion to sever was properly denied, yes. Okay. But I think that's, again, within the discretion of the trial judge, and that's what I think in this case – There's not a hell of a lot of room for wiggle room in the speedy trial act, is there? I think there's – The Constitution says the same thing. That's right. I think there is more wiggle room when express findings are made, as were made here, than – You make your wiggle room with the express findings. I think you make more of it than you did in Zedner, where the judge had them prospectively waive the speedy trial act. Well, at least I know your attitude. But, again, we think that it might be, ultimately, that this court says that actual prejudice is inconsistent with Zedner, and that's this court's prerogative. But I don't think it's the party's prerogative to just ignore that language in the cases, Wasson, Parker, and Hills, post-Zedner, where this court has dealt at length with Zedner in those cases. Unless there's any questions, I'll rely on our brief. Thank you. Your time has expired, but you may have two minutes. Thank you. I appreciate it, Your Honor. No case in this circuit has found a violation of the Speedy Trial Act and then relied on the absence of prejudice in order to affirm the conviction. The issue with respect to the number of co-defendants was resolved by August. The case was going to be the same length, with or without the one co-defendant. So it's all the time to whether or not he should have denied the motion for trial, immediate trial. By that time, there was no basis for him to continue the case 178 days because of a co-defendant. The only issue in the case is whether or not he should have granted the speedy trial motion. And he should have. Or the U.S. Attorney could have dismissed. So Merry Christmas. Is prejudice required? I think that, based on Zedner, it is not required. In fact, it would be contrary to the act itself, the legislative history, which assumes that there's prejudice even to a guilty defendant. And as far as severance, Your Honor, the issue that you raised, we got whipsawed on that below because first it was denied because there were too many defendants, co-defendants, and then it was denied because there were too few. What more was he supposed to do to exercise his right to speedy trial? It was violated here. Thank you. All right. Thank you, Mr. Albers. Thank you, Mr. Bowman. Mr. Albers. Yes, sir. You would accept the disappointment, and you have the additional thanks to the court for so ably representing the client. Thank you. I appreciate it. The case is taken under advisement.